IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FIRST NATIONAL EQUIPMENT FINANCING, | ) ) ) | CASE NO. 8:10CV370 |
| Plaintiff, | ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER |
| CAMERON INSURANCE COMPANIES, | ) ) ) | |
| Defendant. | ) | |

This matter is before the Court on the Plaintiff's Motion to Extend Deadline for Responding to Defendant's Motion to Dismiss and Motion for Leave to Conduct Jurisdictional Discovery (Filing No. 12) filed by Plaintiff First National Equipment Financing. For the reasons discussed below, the Motion will be granted.

## BACKGROUND

Plaintiff filed this action on October 4, 2010, alleging breach of contract against the Defendant. Plaintiff claims it was named as an additional insured under a general liability policy and, in support of its claims, attached to its Complaint certificates of liability insurance allegedly issued to it by Defendant. On November 10, 2010, Defendant moved to dismiss the Complaint arguing, among other things, that this Court lacks personal jurisdiction over the Defendant. In support of its Motion to Dismiss (Filing No. 11), Defendant claims that it has no contacts with Nebraska other than emails and letters to the Plaintiff denying coverage under the insurance policy that is the subject of this litigation. Defendant claims that it did not enter into an insurance contract with Plaintiff and that it has

not, nor have any of its subsidiaries,[1] ever issued an insurance policy in Nebraska. Defendant offers both affidavit and documentary evidence supporting these assertions.

## DISCUSSION

"When the plaintiff offers 'documentary evidence, and not merely speculations or conclusory allegations,' about a defendant's contacts with the forum, a district court should not dismiss the action for lack of personal jurisdiction over the defendant 'without permitting him to take some jurisdictional discovery to establish whether general personal jurisdiction would be justified.'" *Marolf v. AyA Aguirre & Aranzabal S.A.*, No. 4:09CV3221, 2010 WL 964956, at *2 (D. Neb. March 10, 2010) (quoting *Steinbuch v. Cutler*, 518 F.3d 580, 589 (8th Cir. 2008)). Courts recognize that facts establishing personal jurisdiction over the defendant are often in the exclusive control of the defendant. *See, e.g., Compagnie des Bauxites de Guinee v. L'Union*, 723 F.2d 357, 362 (3d Cir. 1983). Thus, the federal district court, in its discretion, may require a defendant to respond to discovery requests relevant to the defendant's motion to dismiss for lack of personal jurisdiction. *See Lakin v. Prudential Securities, Inc.*, 348 F.3d 704, 713 (8th Cir. 2003); *Steinbuch*, 518 F.3d at 588-89 (applying abuse of discretion standard); *Andersen v. Sportmart, Inc.*, 179 F.R.D. 236, 241 (N.D. Ind. 1998).

In this case, the certificates of insurance attached to the Plaintiff's Complaint serve as documentary evidence of the Defendant's contacts with the Plaintiff. The Defendant's arguments and evidence contradict that filed by the Plaintiff, showing that the factual

---

[1] Defendant states that its subsidiary, Cameron National Insurance, a non-party to this lawsuit, is authorized to sell insurance in Nebraska, but has never issued a policy to any person or entity in the state.

record is at least unclear on the issue of jurisdiction.  See *Andersen*, 179 F.R.D. at 241-42 ("A plaintiff is entitled to jurisdictional discovery if he or she can show that the factual record is at least ambiguous or unclear on the jurisdiction issue").  This ambiguity demonstrates a need to supplement the record regarding the Defendant's contacts with the State of Nebraska to evaluate the factors affecting personal jurisdiction identified by the Eighth Circuit in *Steinbuch v. Cutler*, 518 F.3d at 586.  Considering the nature of the evidence put forth by the parties, the Court is persuaded that the Plaintiff should be permitted to conduct jurisdictional discovery.

Accordingly,

IT IS ORDERED:

1. Plaintiff's Motion to Extend Deadline for Responding to Defendant's Motion to Dismiss and Motion for Leave to Conduct Jurisdictional Discovery (Filing No. 12) is granted;

2. Plaintiff must respond to Defendant's Motions to Dismiss (Filing Nos. 8, 11) on or before January 20, 2011; and

3. Plaintiff is permitted to conduct jurisdictional discovery on the issues raised in Defendant's Motion to Dismiss consistent with the proposed discovery attached to its Motion at Filing No. 12-1.

DATED this 6th day of December, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge