IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FIRST NATIONAL EQUIPMENT FINANCING, | ) ) ) | CASE NO. 8:10CV370 |
| Plaintiff, | ) ) | |
| | ) | ORDER |
| v. | ) ) | |
| CAMERON INSURANCE COMPANIES, | ) ) | |
| Defendant. | ) | |

This matter is before the Court on its own motion with respect to the cross-motions for summary judgment filed by Plaintiff First National Equipment Financing (Filing No. 52) and Defendant Cameron Insurance Companies (Filing No. 69).  The Court requests supplemental briefing from the parties on the following issues.

First, in a diversity case, a federal court must follow the choice-of-law rules of the forum state.  *U. S. Fidelity and Guaranty Co. v. Louis A. Roser Co., Inc.*, 585 F.2d 932, 935 n.2 (8th Cir. 1978).  Under Nebraska's choice-of-law principles, please address the question of what state's law governs the issues in this case, specifically the rights and obligations of the parties under the relevant insurance policies?  Based on the Court's preliminary examination, it appears that Arkansas law would govern; but before attempting to determine how the Supreme Court of Arkansas likely would resolve the issues, this Court wants to confirm that there is no disagreement as to which state's law is to be applied.

Second,

> [a]lthough there are several courts that hold an insurer estopped from denying coverage when a certificate of insurance has been issued naming the party as an additional insured . . . , "the majority view is that where a certificate of insurance . . . expressly indicates it is not to alter the coverage of the underlying policy, the requisite intent is not shown and the certificate will not effect a change in the policy."

*Mulvey Const., Inc. v. Bituminous Cas. Corp.*, No. 1:07–0634, 2011 WL 1303438 (S.D. W.

Va. 2011) (collecting cases espousing both views) (quoting *Mountain Fuel Supply v.*

*Reliance Ins. Co.*, 933 F.2d 882, 889 (10th Cir. 1991)).  Based on its preliminary review of

the law, the Court has not found any cases in Arkansas, Missouri, or Nebraska that squarely

address this issue.  The parties are asked to present their arguments addressing which

approach the supreme court *of the relevant jurisdiction* would likely adopt as to  (1) whether

a certificate naming an additional insured can, in effect, "expand coverage," or at least raise

a genuine issue of material fact as to whether such expanded coverage exists, and (2) what

estoppel effect might follow from the issuance of such a certificate, even if it were not

viewed as expanding the policy to include the additional insured.

Accordingly,

IT IS ORDERED:

On or before October 3, 2011, the parties will submit simultaneous briefs

addressing the above questions.

DATED this 23rd day of September, 2011.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge

2